Tbe opinion of tbe Court was delivered by
O’NSAll, J.
None of tbe grounds taken for tbe prisoner have at all affected this Court, except'tbe second. Tbe guilt of tbe prisoner is too manifest to raise a question upon tbe Judge’s charge, or tbe facts. If tbe facts proved were believed, as unquestionably they must be, tbe prisoner must be regarded as covered all over with tbe blood of bis unoffending wife. How could a jury find any other verdict, if they believed tbe evidence, than “ guilty of murder ?”
Hpon tbe second ground, we have first to remark that we never listen to tbe affidavit of á juryman ascribing misconduct to himself, or fellows, in the jury room. Smith vs. Culbertson, 9 Rich. 106. That being excluded, tbe next evidence, that tbe jury bad tbe record of tbe inquest, is tbe certificate of tbe clerk. We think, be bad no business to give such a certificate: *214 be bas enough to do to attend to bis duties, without furnishing ex parte certificates. If be is to be beard upon such a matter, it must be by affidavit. The solicitor, however, admitted here that the inquest went to the jury by accident: and so we must regard it.
That the testimony was abundantly more satisfactory of the defendant’s guilt on the trial, than the record of the inquest furnishes, is clear. To give a new trial on the second ground must be in obedience to some stern principle of law, and not on account of right.
I have examined closely the question, and I think there is no such principle.
I agree with what is said by that eminent jurist, Judge Lumpkin, 7 Geo. Rep. 294, in Killen vs. Sistrunk and Wife, “So where a paper which is capable of influencing the jury, on the side of the prevailing party, goes to the jury by accident, and is read by them, the verdict will be set aside, although the jury may think they were not influenced by such paper, it being impossible for them to say what effect it may have had on their minds. If it was not read, it is the same thing as though it had not been delivered.” In this case, I do not think the inquest added a tittle to the proof which the jury had before them. So too we must say, that we do not know that it was read. For the affidavit of the juror cannot be heard.
0. J.. Hale tells us in his Pleas of the Crown, 2 Hale 306, “ If a juryman have a piece of evidence in his pocket and after the jury sworn, and gone together, he sheweth it to them, this is a misdemeanor fineable in the jury, but it avoids not the verdict, though the case appears on the examination.” If this be not ground for a new trial, I am sure the accidental circumstance that the inquest was in the record is no ground whatever.
The day is I think past when jurors in a case of life and death would be influenced by matters not in evidence, against *215 tbe prisoner. They might thus find reasons to excuse an acquittal. I think, therefore, this verdict ought to stand, and judgment with its dreadful penalty should follow.
The motion is dismissed.
Wardlaw, Withers, Whither, Glover, and Munro, JJ., concurred.

Motion dismissed.